```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN COLE,                       :     CIVIL ACTION
                                  :     NO. 10-3839
            Petitioner,           :
                                  :
      v.                          :
                                  :
ROBERT COLLINS, et al.,           :
                                  :
            Respondents.          :
```

# **O R D E R**

**AND NOW**, this **9th** day of **March, 2011**, upon a de novo review[1] of Magistrate Judge Jacob P. Hart's Report and Recommendation (doc. no. 7) and Petitioner's Motion for Reconsideration (doc. no. 8) that the Court will construe as objections, it is hereby **ORDERED** that:

    1.    The Report and Recommendation (doc. no. 7) is **ADOPTED** and **APPROVED** to the extent consistent with this Order;

    2.    Petitioner's Objections (doc. no. 7) are

---

[1] Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

**OVERRULED;**[2]

3. Petitioner's § 2254 habeas petition (doc. no. 1) will be **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability[3] shall not issue and that this case shall be marked

---

[2]Petitioner raises five objections: (1) illegal sentence, (2) sentence entrapment, (3) 4th Amendment violation - illegal search and seizure, (4) 5th Amendment violation - fruit of the poisonous tree, and (5) ineffective assistance of counsel.

Petitioner's first and second arguments, although not raised in the initial habeas petition, still fail. He argues that his sentence was an incorrect application of Pennsylvania law. Petitioner objects that Judge Hart did not address these issues in the Report and Recommendation ("R&R"). While Judge Hart did not address them in his R&R because they were not originally raised Petitioner's argument still fails as "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Petitioner's third and fourth objections are simply reasserting his original arguments. Judge Hart was correct in concluding that issues of evidence suppression are not addressed in habeas review where the state court has "provided an opportunity for full and fair litigation." Stone v. Powell, 428 U.S. 465, 494 (1970).

Petitioner's fifth argument is that counsel was ineffective by not raising the issue that the government's informant planted the gun in his house and poisoned Petitioner's guard dog to gain access to his home. Judge Hart's R&R correctly found that these claims were procedurally defaulted, as Petitioner did not sufficiently raise these issues in state court, and that there is no evidence or argument from the Petitioner that he over comes the procedural default by showing "cause and prejudice" or a "manifest injustice." Petitioner's objections similarly do not provide any evidence that he would meet the "cause and prejudice" or "manifest injustice" standard to overcome this default.

Thus, Petitioner's objections are overruled.

[3]A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing

**CLOSED.**


            **AND IT IS SO ORDERED.**


                                      <u>S/Eduardo C. Robreno</u>
                                      **EDUARDO C. ROBRENO, J.**

---

of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.